IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



UNITED STATES OF AMERICA

v.                                                                      CRIMINAL NO. 1:05cr56LG-JMR

RANDOLPH HOBSON GUTHRIE III                       17 U.S.C. § 506(a)
                                                                             18 U.S.C. § 371
                                                                             18 U.S.C. § 545
                                                                             18 U.S.C. § 982
                                                                             18 U.S.C. § 1956(h)
                                                                             18 U.S.C. § 2319
                                                                             18 U.S.C. § 2320

**The Grand Jury charges:**

## COUNT 1

1. Beginning on a date unknown to the Grand Jury but no later than January, 2000, and continuing to on or about the date of this indictment, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **RANDOLPH HOBSON GUTHRIE III**, hereafter referred to as **GUTHRIE**, did knowingly and willfully combine, conspire, confederate and agree with others, both known and unknown to the Grand Jury, to commit the following violations of law:

a) willfully, and for purposes of commercial advantage and private financial gain, to infringe a copyright by the reproduction and distribution, during a 180-day period, of at least ten (10) copies of one (1) or more copyrighted works which have a total retail value of more than

$2,500, in violation of Title 18, United States Code, Section 2319(a), (b)(1) and (c)(1), and Title 17, United States Code, Section 506(a)(1) and (a)(2);

b) intentionally to traffic in goods and knowingly to use counterfeit marks on and in connection with such goods, in violation of Title 18, United States Code, Section 2320(a); and

c) fraudulently and knowingly to import and bring into the United States merchandise, that is, unauthorized reproductions of U.S.-copyrighted motion pictures stored on digital versatile discs ("pirated DVDs"), contrary to law in that the importation of the pirated DVDs constituted copyright infringement, pursuant to Title 17, United States Code, Section 602(a); and was prohibited because the making of the pirated DVDs would have constituted an infringement of copyright had Title 17, United States Code, Section 501(a) been applicable, pursuant to Title 17, United States Code, Section 602(b); and was prohibited by Title 18, United States Code, Section 2320(a) because the defendant intended to traffic in the pirated DVDs, which contained counterfeit marks that the defendant knowingly used on and in connection with such goods, all in violation of Title 18, United States Code, Section 545.

## MANNER AND MEANS

2. Among the means and methods by which GUTHRIE and his co-conspirators agreed to achieve the objectives of the aforementioned conspiracy were the following:

(a) It was part of the conspiracy that defendant would travel and cause others to travel for the purpose of obtaining unauthorized reproductions of motion pictures copyrighted under United States law.

(b) It was further a part of the conspiracy that defendant would obtain access to U.S.-copyrighted motion pictures while residing in the Peoples Republic of China.

(c) It was further a part of the conspiracy that defendant would knowingly purchase from sources in the Peoples Republic of China quantities of unauthorized reproductions of U.S.-copyrighted motion pictures stored on digital versatile discs ("pirated DVDs").

(d) It was further a part of the conspiracy that defendant would distribute the illegally reproduced copyrighted motion pictures to people in various foreign countries including individuals in the United States.

(e) It was further a part of the conspiracy that defendant and other co-conspirators would cover up and conceal the objectives of the conspiracy and their involvement therein.

(f) It was further a part of the conspiracy that defendant and other co-conspirators would communicate by phone and by e-mail with potential purchasers of the pirated DVDs.

(g) It was further a part of the conspiracy that defendant would establish and maintain numerous e-mail addresses and EBay accounts to facilitate the sale of pirated DVDs.

(h) It was further a part of the conspiracy that defendant would develop and maintain a web site, whose alpha-numeric Internet address ("Uniform Resource Locator" or "URL") is www.threedollardvd.com, to facilitate the international sales of pirated DVDs.

(i) It was further a part of the conspiracy that defendant would use Internet, account-based payment services, such as "WorldPay," "C2it" and "PayPal," by which customers paid defendant for the pirated DVDs they purchased from him through defendant's website.

## OVERT ACTS

3. In furtherance of the conspiracy and to accomplish its unlawful objects, defendant and his co-conspirators, known and unknown to the Grand Jury, committed and caused to be

committed overt acts within the Southern District of Mississippi and elsewhere, including, but not limited to, the following:

(a) On or about July 8, 2001, defendant **GUTHRIE** established or caused to be established a PayPal account having a corresponding number of 15586535695464227768.

(b) On or about December 2, 2001, defendant **GUTHRIE** established or caused to be established a PayPal account having a corresponding number of 20448835163653929725.

(c) On or about December 26, 2001, defendant **GUTHRIE** established or caused to be established an e-mail address of randyguthrie@yahoo.com under an Ebay account having a corresponding number of E2908945001.

(d) On or about February 23, 2002, defendant **GUTHRIE** established or caused to be established an Ebay account having a corresponding number of E48375981001.

(e) On or about June 20, 2002, defendant **GUTHRIE** established or caused to be established a C2it account having a corresponding number of 5081930213043978.

(f) On or about February 24, 2003, defendant **GUTHRIE** established or caused to be established an Ebay account having a corresponding number of E82073068001.

(g) On or about February 24, 2003, defendant **GUTHRIE** established or caused to be established an Ebay account having a corresponding number of E82064849001.

(h) On or about November 20, 2003, defendant **GUTHRIE** established or caused to be established a WorldPay account having a corresponding number of 65783.

(i) On or about March 2, 2004, defendant **GUTHRIE** acquired a DVD copy of the U.S.-copyrighted motion picture "The Fast and The Furious."

(j) On or about March 2, 2004, defendant **GUTHRIE**, without authorization from the

copyright owner, distributed the DVD reproductions of the U.S.-copyrighted motion picture "The Fast and The Furious."

(k) On or about March 12, 2004, defendant **GUTHRIE** established or caused to be established a PayPal account having a corresponding number of 19269398576617673041.

(l) On or about April 3, 2004, defendant **GUTHRIE** established or caused to be established an Ebay account having a corresponding number of E130903560001.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

On or about March 2, 2004, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **RANDOLPH HOBSON GUTHRIE III**, fraudulently and knowingly did import and bring merchandise into the United States of America, that is, approximately 230 unauthorized reproductions of U.S.-copyrighted motion pictures stored on digital versatile discs ("pirated DVDs"), contrary to law in that the importation of the pirated DVDs constituted copyright infringement, pursuant to Title 17, United States Code, Section 602(a); and was prohibited because the making of the pirated DVDs would have constituted an infringement of copyright had Title 17, United States Code, Section 501(a) been applicable, pursuant to Title 17, United States Code, Section 602(b); and was prohibited by Title 18, United States Code, Section 2320(a) because the defendant intended to traffic in the pirated DVDs, which contained counterfeit marks that the defendant knowingly used on and in connection with such goods.

All in violation of Title 18, United States Code, Section 545.

## COUNT 3

On or about March 24, 2004, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **RANDOLPH HOBSON GUTHRIE III**, fraudulently and knowingly did import and bring merchandise into the United States of America, that is, approximately 322 unauthorized reproductions of U.S.-copyrighted motion pictures stored on digital versatile discs ("pirated DVDs"), contrary to law in that the importation of the pirated DVDs constituted copyright infringement, pursuant to Title 17, United States Code, Section 602(a); and was prohibited because the making of the pirated DVDs would have constituted an infringement of copyright had Title 17, United States Code, Section 501(a) been applicable, pursuant to Title 17, United States Code, Section 602(b); and was prohibited by Title 18, United States Code, Section 2320(a) because the defendant intended to traffic in the pirated DVDs, which contained counterfeit marks that the defendant knowingly used on and in connection with such goods.

All in violation of Title 18, United States Code, Section 545.

## COUNT 4

On or about April 2, 2004, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **RANDOLPH HOBSON GUTHRIE III**, fraudulently and knowingly did import and bring merchandise into the United States of America, that is, approximately 375 unauthorized reproductions of U.S.-copyrighted motion pictures stored on digital versatile discs ("pirated DVDs"), contrary to law in that the importation of the pirated DVDs constituted copyright infringement, pursuant to Title 17, United States Code, Section 602(a); and was prohibited because the making of the pirated DVDs would have constituted an

infringement of copyright had Title 17, United States Code, Section 501(a) been applicable, pursuant to Title 17, United States Code, Section 602(b); and was prohibited by Title 18, United States Code, Section 2320(a) because the defendant intended to traffic in the pirated DVDs, which contained counterfeit marks that the defendant knowingly used on and in connection with such goods.

All in violation of Title 18, United States Code, Section 545.

## COUNT 5

On or about April 13, 2004, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **RANDOLPH HOBSON GUTHRIE III**, fraudulently and knowingly did import and bring merchandise into the United States of America, that is, approximately 423 unauthorized reproductions of U.S.-copyrighted motion pictures stored on digital versatile discs ("pirated DVDs"), contrary to law in that the importation of the pirated DVDs constituted copyright infringement, pursuant to Title 17, United States Code, Section 602(a); and was prohibited because the making of the pirated DVDs would have constituted an infringement of copyright had Title 17, United States Code, Section 501(a) been applicable, pursuant to Title 17, United States Code, Section 602(b); and was prohibited by Title 18, United States Code, Section 2320(a) because the defendant intended to traffic in the pirated DVDs, which contained counterfeit marks that the defendant knowingly used on and in connection with such goods.

All in violation of Title 18, United States Code, Section 545.

COUNT 6

On or about May 3, 2004, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **RANDOLPH HOBSON GUTHRIE III**, fraudulently and knowingly did import and bring merchandise into the United States of America, that is, approximately 454 unauthorized reproductions of U.S.-copyrighted motion pictures stored on digital versatile discs ("pirated DVDs"), contrary to law in that the importation of the pirated DVDs constituted copyright infringement, pursuant to Title 17, United States Code, Section 602(a); and was prohibited because the making of the pirated DVDs would have constituted an infringement of copyright had Title 17, United States Code, Section 501(a) been applicable, pursuant to Title 17, United States Code, Section 602(b); and was prohibited by Title 18, United States Code, Section 2320(a) because the defendant intended to traffic in the pirated DVDs, which contained counterfeit marks that the defendant knowingly used on and in connection with such goods.

All in violation of Title 18, United States Code, Section 545.

COUNT 7

On or about May 19, 2004, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **RANDOLPH HOBSON GUTHRIE III**, fraudulently and knowingly did import and bring merchandise into the United States of America, that is, approximately 270 unauthorized reproductions of U.S.-copyrighted motion pictures stored on digital versatile discs ("pirated DVDs"), contrary to law in that the importation of the pirated DVDs constituted copyright infringement, pursuant to Title 17, United States Code, Section 602(a); and was prohibited because the making of the pirated DVDs would have constituted an

infringement of copyright had Title 17, United States Code, Section 501(a) been applicable, pursuant to Title 17, United States Code, Section 602(b); and was prohibited by Title 18, United States Code, Section 2320(a) because the defendant intended to traffic in the pirated DVDs, which contained counterfeit marks that the defendant knowingly used on and in connection with such goods.

All in violation of Title 18, United States Code, Section 545.

## COUNT 8

On or about June 24, 2004, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **RANDOLPH HOBSON GUTHRIE III**, fraudulently and knowingly did import and bring merchandise into the United States of America, that is, approximately 330 unauthorized reproductions of U.S.-copyrighted motion pictures stored on digital versatile discs ("pirated DVDs"), contrary to law in that the importation of the pirated DVDs constituted copyright infringement, pursuant to Title 17, United States Code, Section 602(a); and was prohibited because the making of the pirated DVDs would have constituted an infringement of copyright had Title 17, United States Code, Section 501(a) been applicable, pursuant to Title 17, United States Code, Section 602(b); and was prohibited by Title 18, United States Code, Section 2320(a) because the defendant intended to traffic in the pirated DVDs, which contained counterfeit marks that the defendant knowingly used on and in connection with such goods.

All in violation of Title 18, United States Code, Section 545.

COUNT 9

From on or about December 26, 2003, through June 24, 2004, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **RANDOLPH HOBSON GUTHRIE III**, willfully and for the purposes of commercial advantage and private financial gain, did infringe a copyright by the reproduction and distribution, during a 180-day period, of at least ten (10) copies of one (1) or more copyrighted works, as described in Attachment A of this Indictment, which have a total retail value of more than $2,500, in violation of Title 18, United States Code, Section 2319(a), (b)(1) and (c)(1), and Title 17, United States Code, Section 506(a)(1) and (a)(2).

COUNT 10

On or about March 2, 2004, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **RANDOLPH HOBSON GUTHRIE III**, intentionally did traffic and attempt to traffic in goods, that is, approximately 230 unauthorized reproductions of U.S.-copyrighted motion pictures stored on digital versatile discs ("pirated DVDs") consisting of the named titles and quantities described in Attachment B1 of this Indictment, and knowingly did use counterfeit marks on and in connection with such goods, more particularly described on Attachment B2 of this Indictment, in violation of Title 18, United States Code, Section 2320.

COUNT 11

On or about March 24, 2004, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **RANDOLPH HOBSON GUTHRIE III**, intentionally did traffic and attempt to traffic in goods, that is, approximately 322

unauthorized reproductions of U.S.-copyrighted motion pictures stored on digital versatile discs ("pirated DVDs") consisting of the named titles and quantities described in Attachment C1 of this Indictment, and knowingly did use counterfeit marks on and in connection with such goods, more particularly described on Attachment C2 of this Indictment, in violation of Title 18, United States Code, Section 2320.

## COUNT 12

On or about April 2, 2004, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **RANDOLPH HOBSON GUTHRIE III**, intentionally did traffic and attempt to traffic in goods, that is, approximately 375 unauthorized reproductions of U.S.-copyrighted motion pictures stored on digital versatile discs ("pirated DVDs") consisting of the named titles and quantities described in Attachment D1 of this Indictment, and knowingly did use counterfeit marks on and in connection with such goods, more particularly described on Attachment D2 of this Indictment, in violation of Title 18, United States Code, Section 2320.

## COUNT 13

On or about April 13, 2004, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **RANDOLPH HOBSON GUTHRIE III**, intentionally did traffic and attempt to traffic in goods, that is, approximately 423 unauthorized reproductions of U.S.-copyrighted motion pictures stored on digital versatile discs ("pirated DVDs") consisting of the named titles and quantities described in Attachment E1 of this Indictment, and knowingly did use counterfeit marks on and in connection with such

goods, more particularly described on Attachment E2 of this Indictment, in violation of Title 18, United States Code, Section 2320.

## COUNT 14

On or about May 3, 2004, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **RANDOLPH HOBSON GUTHRIE III**, intentionally did traffic and attempt to traffic in goods, that is, approximately 454 unauthorized reproductions of U.S.-copyrighted motion pictures stored on digital versatile discs ("pirated DVDs") consisting of the named titles and quantities described in Attachment F1 of this Indictment, and knowingly did use counterfeit marks on and in connection with such goods, more particularly described on Attachment F2 of this Indictment, in violation of Title 18, United States Code, Section 2320.

## COUNT 15

On or about May 19, 2004, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **RANDOLPH HOBSON GUTHRIE III**, intentionally did traffic and attempt to traffic in goods, that is, approximately 270 unauthorized reproductions of U.S.-copyrighted motion pictures stored on digital versatile discs ("pirated DVDs") consisting of the named titles and quantities described in Attachment G1 of this Indictment, and knowingly did use counterfeit marks on and in connection with such goods, more particularly described on Attachment G2 of this Indictment, in violation of Title 18, United States Code, Section 2320.

## COUNT 16

On or about June 24, 2004, in Harrison County, in the Southern Division of the

Southern District of Mississippi and elsewhere, the defendant, **RANDOLPH HOBSON GUTHRIE III**, intentionally did traffic and attempt to traffic in goods, that is, approximately 330 unauthorized reproductions of U.S.-copyrighted motion pictures stored on digital versatile discs ("pirated DVDs") consisting of the named titles and quantities described in Attachment H1 of this Indictment, and knowingly did use counterfeit marks on and in connection with such goods, more particularly described on Attachment H2 of this Indictment, in violation of Title 18, United States Code, Section 2320.

## COUNT 17

That from in or about June. 2000, and continuing through the date of this indictment, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **RANDOLPH HOBSON GUTHRIE III**, did conspire and agree with others known and unknown to the Grand Jury to commit certain offenses under Section 1956, Title 18, United States Code, as follows: to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is:

(a) Section 545, Title 18, United States Code (Smuggling Goods into the United States), to fraudulently and knowingly import and bring into the United States from China certain merchandise, to wit: counterfeited or pirated DVDs, contrary to law.

(b) Section 2319, Title 18, United States Code (Criminal Infringement of a Copyright), to violate Section 506(a), Title 17, United States Code by reproducing or distributing during a 180-day period ten copies of one or more copyrighted works which have a total retail value of more than $2500.

(c) Section 2320, Title 18, United States Code (Trafficking in Counterfeit Goods or Services), to traffic in or attempt to traffic in goods or services and knowingly use a counterfeit mark on or in connection with such goods or services with the intent to promote the carrying on of such specified unlawful activity, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and knowing that the transactions were designed in whole and in part to avoid transaction reporting requirements under federal law, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Section 1956(a)(1), Title 18, United States Code.

## MANNER AND MEANS

It was part of the conspiracy that:

1. **GUTHRIE,** together with others known and unknown to the Grand Jury, would and did establish and cause to be established approximately fourteen accounts with EBay for the purpose of facilitating the sale of counterfeit DVDs. Various user IDs and fictitious names were used to conceal and disguise the true owners. DVD sales totaling approximately $148,357 were transacted through the EBay accounts.

2. It was further a part of the conspiracy that **GUTHRIE,** together with others known and unknown to the Grand Jury, would and did establish and cause to be established approximately seven accounts with PayPal for the purpose of facilitating the sale of counterfeit DVDs. Various e-mail addresses and fictitious names were used to conceal and disguise the true

owners. DVD sales totaling approximately $141,395 were transacted through the PayPal accounts.

3. It was further a part of the conspiracy that **GUTHRIE** would and did establish and cause to be established an account with WorldPay for the purpose of facilitating the sale of counterfeit DVDs. DVD sales totaling approximately $818,863 were transacted through the WorldPay account.

4. It was further a part of the conspiracy that **GUTHRIE** would and did establish and cause to be established an account with C2IT for the purpose of facilitating the sale of counterfeit DVDs. DVD sales totaling approximately $103,167 were transacted through the C2IT account.

5. It was further a part of the conspiracy that **GUTHRIE** would and did establish and cause to be established an account with C2IT for the purpose of facilitating the sale of counterfeited DVDs. E-mail addresses associated with this C2IT account include, but are not limited to, the following:

| | |
|---|---|
| RandyGUTHRIE@online.sh.cn | asia_dvd@online.sh.cn |
| Import_dvd@online.sh.cn | cheap_movies@online.sh.cn |
| auction@online.sh.cn | divect@online.sh.cn |
| randyGUTHRIE@yahoo.com | affordable@online.sh.cn |
| ultimate@online.sh.cn | high_quality@online.sh.cn |
| non-stop@online.sh.cn | affordable@online.sh.cn |
| nitro@online.sh.cn | express_dvd@online.sh.cn |

6. It was further a part of the conspiracy that **GUTHRIE** maintained an account with Bessemer Trust in New York, New York. **GUTHRIE** deposited proceeds from the sale of counterfeited DVDs into account (#72H091) from the online remitters of PayPal, WorldPay and C2IT. **GUTHRIE** also deposited proceeds directly into the account from

money orders and personal checks made payable to him. The total proceeds from the sale of counterfeited DVDs deposited into Bessemer account #72H091 totaled approximately $363,000.

7. It was further a part of the conspiracy that **GUTHRIE** made disbursements totaling approximately $361,922 relevant to the scheme. **GUTHRIE** made these disbursements from his account with Bessemer Trust - #72H091.

8. It was further a part of the conspiracy that **GUTHRIE** maintained an account with Huaxia Bank in The Peoples Republic of China – account #43302020-02-01-00014769. **GUTHRIE** deposited proceeds from the sale of counterfeited DVDs into this account, totaling approximately $7,632 from Immigration and Customs Enforcement controlled purchases. **GUTHRIE** transferred proceeds from Bessemer Trust to his Huaxia Bank account totaling approximately $50,000.

9. It was further a part of the conspiracy that **GUTHRIE**, together with others known and unknown to the Grand Jury, received wire transfers into Huaxia Bank in The Peoples Republic of China – account #43302020-02-01-00014769 from Whitney Bank Account number 730128288, totaling $15,662 from November 25, 2002 to August 15, 2003, from the sale of counterfeited DVDs.

10. It was further a part of the conspiracy that **GUTHRIE**, together with others known and unknown to the Grand Jury, received wire transfers into Huaxia Bank in The Peoples Republic of China – account #43302020-02-01-00014769 from Whitney Bank Account number 730128121, totaling $11,725 from June 3, 2003 to August 18, 2003, from the sale of counterfeited DVD's.

11. It was further a part of the conspiracy that **GUTHRIE**, together with others known and unknown to the Grand Jury, would conceal, misrepresent and hide, and cause to be concealed, misrepresented and hidden, the existence, purpose, and acts done in furtherance of the conspiracy.

## MONEY LAUNDERING TRANSACTIONS

Immigration and Customs Enforcement, hereinafter referred to as ICE, controlled payments for approximately 2,396 counterfeit DVDs purchased via the internet through threedollardvd.com from February 25, 2004 to May 25, 2004:

| Transaction | Date | Item |
|---|---|---|
| | 03/30/2004 | ICE wire transfer, Xerxes, JP Morgan Chase, account number 000103263449, in the amount of $1,174, paid to ANDOLPH, receiving account number 43302020-02-01-00014769, Huaxia Bank. |
| | 04/05/2004 | ICE wire transfer, Xerxes, JP Morgan Chase, account number 000103263449, in the amount of $1,309, paid to ANDOLPH, receiving account number 43302020-02-01-00014769, Huaxia Bank. |
| | 04/19/2004 | ICE wire transfer, Xerxes, JP Morgan Chase, account number 000103263449, in the amount of $1,573, paid to ANDOLPH, receiving account number 43302020-02-01-00014769, Huaxia Bank. |

Online remitter payments and individual payments for DVD purchases through EBay:

| Transaction | Date | Item |
|---|---|---|
| | 05/22/2002 | Paypal wire transfer in the amount of $3,000, paid to **GUTHRIE**, receiving account number 72H091, Bessemer Trust. |

| Date | Item |
|---|---|
| 10/16/2002 | EBay wire transfer in the amount of $1,299.11, paid to **GUTHRIE**, receiving account number 72H091, Bessemer Trust. |
| 10/18/2002 | Randall Schreiber Homelink-Bill payment check #758997635 in the amount of $625, paid to **GUTHRIE**, receiving account number 72H091 Bessemer Trust. |
| 02/04/2003 | Andy Gaspard, Western Union Money Order in the amount of $1,723 paid to **GUTHRIE**, receiving account number 72H091 Bessemer Trust. |
| 03/17/2003 | C2IT wire transfer from account number 5081930213043978 in the amount of $1,000, paid to **GUTHRIE**, receiving account number 72H091, Bessemer Trust. |
| 04/04/2003 | Roger Snapp, Merrill Lynch Bank One Account number 040101058686, personal check number 7308 in the amount of $271, paid to **GUTHRIE**, receiving account number 72H091 Bessemer Trust. |
| 06/04/2003 | C2IT wire transfer from account number 5081930213043978 in the amount of $1,000, paid to **GUTHRIE**, receiving account number 72H091, Bessemer Trust. |

**GUTHRIE** transfers to Huaxia Bank in The Peoples Republic of China from Bessemer Trust in New York:

| Transaction | Date | Item |
|---|---|---|
| | 04/15/2002 | Chase wire transfer in the amount of $10,000, paid to **GUTHRIE**, receiving account number 43302020-02-01-00004162, Huaxia Bank. |
| | 08/05/2002 | Chase wire transfer in the amount of $8,500, paid to **GUTHRIE**, receiving account number 43302020-02-01-00004162, Huaxia Bank. |

     10/07/2002    Chase wire transfer in the amount of $6,000, paid to **GUTHRIE,** receiving account number 43302020-02-01-00004162, Huaxia Bank.

All in violation of Section 1956(h), Title 18, United States Code.

### COUNT 18

### FORFEITURE ALLEGATION

As a result of committing one or more of the money laundering offenses alleged in Count 17 of this Indictment, the defendant, **RANDOLPH HOBSON GUTHRIE III**, shall forfeit to the United States pursuant to 18 U.S.C. 982, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count 17 of this Indictment, including but not limited to the following:

**Money Judgment**

   A sum of money equal to or approximately $1,098,444 in United States currency, in that such sum in aggregate was collected for counterfeit DVD sales during the operation of threedollardvd.com for which the defendant is jointly and severally liable.

   Further, if any of the property described above, as a result of any act or omission of the defendants:

a.  cannot be located upon exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

      e.      has been commingled with other property, which cannot be divided without difficulty,

then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant up to the value of the property described in the indictment or any bill of particulars supporting it.

      All in violation of Section 982, Title 18, United States Code.

*[signature]*
DUNN LAMPTON
United States Attorney

A TRUE BILL:

*[signature]*
Foreperson of the Grand Jury